IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PATRICK V. PALATTELLA,**

      **Petitioner,**

v.                                                         Case No. 3:05-cv-76
                                                                   (Judge Broadwater)

**THE PEOPLE OF WEST VIRGINIA;**
**DAWN C. HAYES, fka Dawn C. Palattella;**
**THE CIRCUIT COURT IN AND FOR**
**BERKELEY COUNTY WEST VIRGINIA;**
**JANE and JOHN DOES; JUDGE WILLIAM**
**T. WERTMAN, JR.; and PAMELA JEAN**
**GAMES-NEELEY, Prosecuting Attorney,**

      **Respondents.**

## REPORT AND RECOMMENDATION

On July 8, 2005, *pro se* petitioner filed a Petition for Writ of Mandamus in which he avers that "[t]his case involves application of family law in a general nature, wherein rightful custody of minor children is in dispute between natural parents." Petition at 11. Petitioner requests that this Court grant him full custody of his minor child, Hope C. Palattella, and return her to his custody.

This case is before the undersigned for an initial report and recommendation pursuant to Standing Order #2.

### I. The Petition

As best as the undersigned can determine,[1] petitioner contends that his daughter lived with him in Berkeley County West Virginia for the first six years of her life. Sometime in

---

[1] The petition is so replete with unnecessary legal rhetoric, the exact factual basis for the petition is not entirely clear.

September of 2001, the child's mother took her to Massachusetts with petitioners' permission. However, petitioner asserts that the child's mother never intended to return her to West Virginia and that his permission was, therefore, obtained under false pretenses.

Petitioner also asserts that on November 8, 2001, the State courts of West Virginia "entered a case" against him. Based on the relief requested by the petitioner, the State court apparently granted the mother custody of the child and gave her permission to remove the child to Massachusetts. Petitioner alleges that he has exhausted his state court remedies and requests this Court order his daughter returned to his custody.

## II. Subject Matter Jurisdiction

A federal district court has subject matter jurisdiction over a controversy exceeding $75,000 between diverse citizens. 28 U.S.C. § 1332. Where the parties are not diverse, a district court only has subject matter jurisdiction if the action arose under the Federal Constitution, federal laws, or treaties. 28 U.S.C. § 1331.

District courts historically do not have jurisdiction over family matters. See Barber v. Barber, 62 U.S. 582 (1859); In re Burrus, 136 U.S. 586 (1890). This judge-made doctrine is called the "domestic relations exception" to federal jurisdiction. In more recent years, the United States Supreme Court has narrowly defined and limited the scope of this exception. Ankenbrandt v. Richards, 504 U.S. 689 (1992). In Ankenbrandt, the Court found that the domestic relations exception exists only when the case involves "the issuance of a divorce, alimony, or child custody decree." Id. at 704. Moreover, the Court noted that "abstention from the exercise of federal jurisdiction is the exception, not the rule," and should rarely be invoked. Id. at 705 (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813

(1976)).

In interpreting Ankenbrandt, the federal courts have consistently recognized that the domestic relations exception generally prohibits them from issuing divorce, alimony, or child custody decrees. See Vulcan v. Materials Co. v. City of Tehuacana, 238 F.3d 382, 386 n. 2 (5th Cir. 2001). In addition, the federal courts have also recognized that "[t]he aim of the [domestic relations] exception is to keep federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (*e.g.,* family courts), and in which inter-court conflicts in policy or decrees should be kept at an absolute minimum." Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001). Pursuant to Dunn, it is generally accepted that "lawsuits affecting domestic relations, however substantially, are not within the exception unless the claim at issue is one to obtain, alter or end a divorce, alimony or child custody decree." Dunn at id. Therefore, the exception should not be invoked simply because a case has intrafamily aspects. See Hildebrand v. Lewis, 281 F.Supp.2d 837, 842 (quoting Raftery v. Scott, 756 F.2d 335, 338 (4th Cir. 1985)). To determine whether a claim falls within the domestic relations exception, a court must "consider the exact nature of the rights asserted or of the breaches alleged." Id. (also citing Cole v. Cole, 633 F.2d 1083, 1087 (4th Cir. 1980)).

In this case, petitioner is dissatisfied with a child custody decree issued by the Circuit Court of Berkeley County, West Virginia. Petitioner raises his claims as ones of due process, equal protection, and conspiracy,[2] but what he really seeks is the invalidation of a state court custody decree. Thus, this case contains more than mere intra family aspects. Indeed, petitioner

---

[2] Petitioner also alleges claims pursuant to 18 U.S.C. §§ 241, 242 and 18 U.S.C. § 1512. However, these are criminal statutes which do not provide a basis for civil liability. See Moore v. Kamikawa, 940 F.Supp. 260 (D. Hawaii 1995), aff'd 82 F.3d 423 (9th Cir. 1996).

does not just expect this court to just alter or amend the custody decree at issue here, he expects this Court to void it. Moreover, "this case is not a tort or contract suit that merely has domestic relation overtones, but is one seeking a declaration of rights and obligations arising from [parental] status." McLaughlin v. Cotner, 193 F.3d 410, 414 (6th Cir. 1999). Accordingly, it is appropriate for this Court to invoke the domestic relations exception and dismiss the case for lack of subject matter jurisdiction.

Alternately, even if the domestic relations exception is not appropriate in this case, petitioner is not entitled to the relief requested.

### III. Writ of Mandamus

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

Here, petitioner seeks an order compelling the State of West Virginia to grant him custody of his daughter and to direct the State to order his daughter's return. Even if this Court had the authority to do this, petitioner is not entitled to such extraordinary relief. By his own admission, petitioner has raised his claims in State court and those claims have been adjudicated

in full. The fact that petitioner's claims have been unsuccessful in that forum does not entitle him to such extraordinary relief in this court.

## IV. Recommendation

For the reasons set forth in this opinion, it is respectfully recommended that the Petition for Writ of Mandamus be DISMISSED with prejudice.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[3]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

Dated: January 5, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).